**Edgar L. DANIELS, Appellant,**

v.

**COOK BROADCASTING COMPANY, Appellee,**

**KFRM, INC., Third-Party Defendant.**

**No. 8408.**

United States Court of Appeals Tenth Circuit.

Feb. 16, 1966.

Rehearing Denied April 18, 1966.

Before LEWIS and BREITENSTEIN, Circuit Judges, and CHRISTENSEN, District Judge.

CHRISTENSEN, District Judge.

In this damage suit for personal injuries, properly removed from the state court by reason of diversity of citizenship and the amount in controversy, the trial court, sitting without a jury, found against plaintiff-appellant on the issues of defendant's negligence and plaintiff's

contributory negligence. The sole question here is the sufficiency of the evidence to sustain these findings.

Plaintiff Daniels was employed by Norman Kightlinger in renovating and improving the transmitter station of the Cook Broadcasting Company, defendant-appellee herein.[1] Johnson was an employee of the latter company.

Preparatory to the removal of a gas furnace, the plaintiff disconnected one of the gas lines after Johnson had undertaken, at plaintiff's request, to turn off the master valve on a propane gas supply tank near the building and had told plaintiff that he had done so. Such cooperation had been authorized by Johnson's employer, the defendant. Plaintiff alleged that Johnson in fact neglected to shut the valve completely off and that as a result propane gas remained in the line unknown to plaintiff and exploded when plaintiff disconnected the line, to his serious injury.

In substance the trial court found that Johnson actually had turned the gas off as he had undertaken to do; that the "small" explosion resulting in minor injury to plaintiff was caused by the "bleeding" of gas from the line and its contact with the unexpired pilot light of a hot water heater; that plaintiff himself did not take ordinary or necessary precautions for his own safety and was negligent, and that Johnson had not been negligent.

The trial court in directing entry of judgment denying recovery, concluded that "the law followed the facts" found. We agree, for a reading of the record, including the supplements filed by plaintiff with leave of this court, is convincing that there was substantial competent evidence to support the lower court's findings of fact. Rule 52(a) Federal Rules of Civil Procedure; United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948); McSorley's Inc. v. United States, 323 F.2d 900 (10th Cir. 1963); Continental Materials Corp. v. Gaddis Mining Co., 306 F.2d 952 (10th Cir. 1962).

Without merit is plaintiff's contention (argued at length in a supplemental brief) that the testimony of Johnson that he "proceeded to shut off the gas" was merely conclusional and hence insufficient to support the court's finding that the gas had been shut off. The fair purport of this testimony in context was as the court found; and counsel's present highly technical attack on its phrasing is not strengthened by his apparently studious avoidance of clarification at the trial.[2]

Affirmed.

---

1. Kightlinger was the principal owner of KFRM, Inc., which at the time was about to take over the transmitter station and with this in view was carrying on improvement work under an agreement to hold Cook Broadcasting Company harmless from any damage or loss while the latter continued to occupy the premises. It was by reason of this agreement that KFRM was made a third party defendant by Cook. The trial court having denied recovery by plaintiff on the finding that Cook was not liable, KFRM, Inc., also was thereby discharged from liability on the third party complaint. These circumstances, although presented in some detail in the record and briefs, do not affect the determinative question before us.

2. (After Johnson had testified that he had "proceeded to turn the gas off".)

Q. (By Mr. Richie) Now, when you shut off the * * * you say you went, after this conversation where he said he wanted or was ready to have the gas shut off, then after that you went out to shut it off, left him and went to the tank, is that correct?

A. (By Mr. Johnson) Correct.

Q. When you got there did you then, after you had done whatever you were doing there, did you come back to the building again?

A. I did.

Q. What did you say to Mr. Daniels when you came back?

A. I told him that the gas had been shut off at the tank.

(Second supplement to record filed by plaintiff, p. 11.)